John J. Dillon, S.
Under article “ ninth ” of her will the testatrix devised and bequeathed her entire residuary estate in trust for a period measured by the life of her husband and she directed that upon his death the remainder of the trust be distributed “ share and share alike to the following named individuals or the survivor or survivors of them”. The testatrix provided for an alternate disposition of the trust remainder “ if none of the nine individual beneficiaries named in the immediately preceding paragraph are living at the time this trust terminates ”. At the date of death of testatrix, eight of the nine named remaindermen were living and at the termination of the trust, seven of such persons were living.
In the instant case, a question has been raised as to whether the testatrix intended the words, “ survivor or survivors ” to mean the persons surviving her or the persons surviving the termination of the trust. In construing a will, the courts generally favor an interpretation which results in an early and final vesting of estates. (Matter of Campbell, 307 N. Y. 29.) However, the paramount canon of construction requires that the court, wherever possible ascertain and give effect to the intention of the testator. (Matter of Fabbri, 2 N Y 2d 236.) In view of the fact that the testatrix expressly provided for an alternate disposition of the trust remainder only in the event that all of the nine remaindermen predeceased the termination of the trust, it is clear that her intention was to postpone absolute vesting of the remainder until the termination of the trust. Accordingly, the court determines that the remainder of the residuary trust is payable in equal shares to the seven named remaindermen who survived the termination of the trust.
Settle decree.